IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CONTEMPRIS WILLIAMS, *et al.*                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 2:18cv17-KS-MTP

PEARSON'S EXCAVATING & TRUCKING, LLC, *et al.*                    DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiffs' failure to prosecute and to otherwise comply with the Court's Order [5] of April 30, 2018. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice as to Defendant David Nixon.

**Procedural History**

On August 22, 2017, plaintiffs filed their complaint against Pearson's Excavating & Trucking, LLC (hereafter "Pearson's Excavating") and David Nixon (hereafter "Nixon") in Forrest County Circuit Court. Pearson's Excavating removed the matter to this Court on February 8, 2018. At the time of the removal, Nixon had not been served.

Plaintiffs moved for additional time to serve Nixon on April 27, 2018. *See* [4]. The Court granted the motion, in part, providing an additional 60 days or until July 9, 2018, to serve Nixon and directed Plaintiffs to file proof of service by that date or risk dismissal without prejudice as to Nixon. *See* [5].

Since the issuance of the Order [5] setting the deadline for serving Nixon, the docket is devoid of further activity. No summons was issued for Nixon, nor was one returned. Plaintiffs have not responded to or otherwise complied with the Order.

Because plaintiffs have not complied with the Order [5], the undersigned recommends that this matter be dismissed without prejudice as to the unserved defendant, David Nixon.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiffs' failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case illustrates the type of inaction that warrants rule 41(b) dismissal.

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice...." Fed. R. Civ P. 4 (m). As plaintiffs have failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

## Recommendation

As the plaintiffs have failed to serve process or otherwise prosecute this matter against Nixon and have further failed to comply with the Court's Order [5], it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE as to David Nixon pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 24th day of July, 2018.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge